(No. 1744—

Harriette L. Thompson, Administratrix of the Estate of Ward E. Thompson, Deceased, Claimant, vs. State of Illinois, Respondent.

*Opinion filed March 6, 1933.*

Andrews & Essington, for claimant.

Oscar E. Carlstrom, Attorney General; Carl Dietz, Assistant Attorney General, for respondent.

Mr. Justice Thomas delivered the opinion of the court:

Claimant brings this action for $10,000.00 damages as administratrix of the estate of Ward E. Thompson, deceased. The deceased was a member of the Board of Pardons and Paroles. On January 4, 1931, while on his way to attend a

meeting of the board at Joliet the automobile in which he was riding left the road and crashed into a pole. As a result deceased received injuries from which he died on January 8th following. He left a widow and two children surviving him, for whose benefit this action is brought. In addition to the above facts the declaration charges that the injuries causing the death of deceased arose out of and in the course of his employment, and also that an award be made under the provisions of the Workmen's Compensation Act. The State has demurred to the declaration.

Before a claimant can have an award against the State he must bring himself within the provisions of some law justifying it, and unless he does so his claim must fail. While in this case deceased was an employee of the State and the injuries that caused his death were received while he was engaged in the performance of his official duties those facts alone do not entitle claimant to an award. The Court of Claims has no power to make an award in any case unless the facts show a legal or equitable claim against the State. (*Schmidt* vs. *State*, 1 Ct. Cl. 76; *Henke* vs. *State*, 2 Ct. Cl. 11; *Thompson* vs. *State*, 4 Ct. Cl. 26; *Perry* vs. *State*, 6 Ct. Cl. 81.) The Workmen's Compensation Act only applies to the State when the State is engaged in some of the enterprises or businesses enumerated in Section 3 of that Act. (*Perry* vs. *State, supra.*) As the deceased was not employed in any business or enterprise of the State declared to be extra-hazardous by Section 3 of the Workmen's Compensation Act at the time he received the injuries causing his death that Act does not apply and claimant is not entitled to an award. The demurrer is therefore sustained and the case dismissed.